IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DENVER FENTON ALLEN,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:25-CV-209-TES-CHW |
| **JACKSON STATE PRISON,** et al., | : |
| **Defendants.** | : |

# ORDER

Pro se Plaintiff Denver Fenton Allen, a prisoner incarcerated in the Special Management Unit at the Georgia Diagnostic & Classification Prison in Jackson, Georgia, filed a sixty-one page 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff has neither paid the filing fee nor moved to proceed *in forma pauperis*. Plaintiff, however, may not proceed without paying the filing fee in full because he has three strikes under the Prison Litigation Reform Act ("PLRA") and he has not alleged facts demonstrating an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint is, therefore, **DISMISSED** for the reasons set forth below.

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* is forbidden "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed approximately forty-eight federal civil complaints and at least three of these complaints have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g., Allen v. U.S. District Court (Rome) Northern Dist.*, 4:14-cv-205-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 12, 2014) (order adopting recommendation and dismissing complaint as frivolous and for failure to state a claim); *Allen v. Goss*, 4:14-cv-00229-HLM, ECF No. 3 (N.D. Ga. Sept. 12, 2014) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Sept. 26, 2014) (order adopting recommendation and dismissing complaint as frivolous and for failure to state a claim);

2

*Allen v. Milsap*, 4:12-cv-290-HLM-WEJ, ECF No. 4 (N.D. Ga. Dec. 11, 2012) (recommending dismissal of "wholly incredible" complaint as frivolous), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Jan. 2, 2013) (order adopting recommendation and dismissing complaint because "allegations are wholly incredible and claims are frivolous"); *Allen v. Owens*, 1:12-cv-143-JRH-WLB, ECF No. 7 (S.D. Ga. Nov. 7, 2012) (recommending dismissal for failure to state a claim), *report and recommendation adopted*, ECF No. 9 (N.D. Ga. Dec. 5, 2012) (order adopting recommendation to dismiss for failure to state a claim); *Allen v. Brown*, 1:12-cv-52-JRH-WLB, ECF No. 26 (S.D. Ga. March 7, 2013) (recommending dismissal for failure to state a claim and abuse of the judicial process), *report and recommendation adopted*, ECF No 29 (S.D. Ga. Apr. 1, 2013) (order adopting recommendation and dismissing action); *Allen v. Georgia*, 1:18-cv-4905-CAP, ECF No. 3 (N.D. Ga. Nov. 15, 2018) (noting that Plaintiff has three or more strikes and collecting cases), *report and recommendation adopted*, ECF No. 6 (N.D. Ga. Dec. 10, 2018) (order adopting recommendation and dismissing based on strikes).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Off.*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193.

3

Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

This complaint suffers from the same flaws as most of Plaintiff's complaints. He has named dozens of defendants, many of which are patently frivolous, such as Africa, Asia, Europe, North America, USA, South America, Central America, Antarctica, Australia, and China. *Id*. at 1, 3. Additionally, significant portions of the complaint are illegible. *See* ECF No. 1 at 2, 4, 6-14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 44, 46, 48, 50, 52, 54, 56, 58-60. The Court previously warned Plaintiff that "[a] complaint [which] cannot be clearly read is subject to dismissal." *Allen v. All 7 Continents World Class,* 5:25-cv-187-TES-CHW, ECF No. 3 at 3 (M.D. Ga. May 7, 2025) (order dismissing complaint and stating that "much of Plaintiff's complaint is illegible and indecipherable gibberish"). Yet Plaintiff continues to file illegible complaints.

While it is virtually impossible to discern the precise nature of Plaintiff's claims, he seems to complain about a wide range of topics, including "false imprisonment" (ECF No. 1 at 7); "false charges" (*Id*. at 13); "poison food" (*Id*. at 15); a "kidnapping," (*Id*. at 17); constitutional violations that occurred during his criminal conviction, such as a lack of due process, false statements, perjury, and falsified transcripts (*Id*.); a "hormonal imbalance" (*Id*. at 19); "police brutality" (*Id*. at 21); some "overdose" that

4

caused "nerve damages to penus (sic)" and/or an "18[-]hour erection" (*Id*. at 30, 47); an "11 year bowel obstruction" (*Id*. at 47); and an inadequate law library (*Id*. at 51). Plaintiff states these various constitutional violations occurred on different dates, the earliest being March 2002 and the latest being April 22, 2025. *Id*. at 19, 21, 23. It is impossible to tell what alleged violation occurred on what date. *Id*.

Plaintiff's allegations do not support a finding of imminent danger of serious physical injury. Plaintiff has complained of the same medical conditions for years. As the United States District Court for the Northern District of Georgia recently found when it refused to allow Plaintiff to proceed *in forma pauperis*,

> Plaintiff has complained of these same conditions before other courts for years. *See, e.g.*, R. & R. [4], *Allen v. N. Am., et al*., No. 5:23-cv-0472-MTT-MSH (M.D. Ga. Feb. 8, 2024) (finding no imminent danger based on plaintiff's allegations of "stuttering priapism, brain damage, a bowel obstruction, an infection caused by his nose being broken, hernias, ingrown wisdom teeth, abscessed teeth, and multiple spinal fractures"), *adopted by Order* [5]; R. & R. [5] at 5 & n.1, *Allen v. Georgia*, No. 5:18-cv-0469-MTT-CHW (M.D. Ga. May 16, 2019) (collecting cases in which Allen has raised similar allegations and noting that "plaintiff has also been complaining about this same alleged bowel obstruction for at least five years, leading courts to conclude that the condition does not place plaintiff in **imminent** danger of serious physical injury") (emphasis in original), *adopted by Order* [7]. This Court agrees that plaintiff's allegations are factually incredible and do not support a finding of imminent danger. See R. & R. [4], No. 5:23-cv-0472-MTT (finding "entirely fanciful and irrational" materially similar allegations by Allen that "the governments of all seven continents and … doctors on all of the continents have falsified records with regard to plaintiff's health conditions"); *see also* Compl. [1] at 7, No. 4:24-cv-0140-WMR (alleging that his "stuttering priapism" has existed since September 2009 and his bowel obstruction since November 2013); Compl. [1] at 9, No. 4:24-cv-0141-WMR (referring to "11 year bowel obstruction").

*In Re. Denver Fenton Allen*, 4:24-cv-139-WMR-WEJ, 4:24-cv-140-WMR-WEJ; 4:24-cv-

5

141-WMR-WEJ, ECF No. 2 in 4:24-cv-139-WMR-WEJ (N.D. Ga. June 12, 2024) (consolidated order and final report and recommendation), *report and recommendation adopted*, ECF No. 4 in 4:24-cv-139-WMR-WEJ (N.D. Ga. Nov. 7, 2024).

The same is true in the current action. Plaintiff has again failed to allege facts showing that any of his various medical conditions, about which he has been complaining for years, have worsened so that they present "an imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, Plaintiff does not qualify for the exception to the three-strikes rule.

Because Plaintiff did not pay the filing fee at the time he initiated this suit, the complaint must be dismissed. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("The prisoner cannot simply pay the filing fee after being denied [IFP] status. He must pay the filing fee at the time he initiates the suit."). When § 1915(g) bars a prisoner from proceeding, "the proper procedure is . . . to dismiss the complaint without prejudice." *Id*.

It is, therefore, **ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice.

**SO ORDERED**, this 29th day of May, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**